831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy William TEAGUE, Mayce Lowery, d/b/a Golden Cable Co.,
Plaintiff-Appellant,
v.
B.E. & K. COMMUNICATIONS, INC., Defendant-Appellee,
Media General Cable of Fairfax, Inc., B.E. & K. Construction
Co., Defendant.
Roy William TEAGUE, Mayce Lowery, d/b/a Golden Cable Co.,
Plaintiff-Appellant,
v.
B.E. & K. COMMUNICATIONS, INC., Defendant-Appellee,
Media General Cable of Fairfax, Inc., B.E. & K. Construction
Co., Defendant.
 Nos. 86-1103, 86-1193.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 28, 1987.
Decided Oct. 13, 1987.
 
 Roy William Teague and Mayce Lowery, appellants pro se.
 Michael Willis Smith, Christian, Barton, Epps, Brent & Chappell, for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by Roy Teague and Mayce Lowery from a jury verdict in their favor of $3031.34. Teague and Lowery seem to challenge every aspect of their trial, from each individual evidentiary ruling to the integrity of the district court judge who tried their case; while Teague admits he had "half a trial," Lowery insists that she was denied any trial at all.
 
 
 2
 Teague and Lowery went into business as the Golden Cable Company seeking to secure contracts as a subcontractor installer of cable television cable. Teague and B.E. & K. Communications entered into a subcontracting agreement in may 1984 under which Golden Cable would complete specific cable installation projects as they were assigned. Teague would then submit bills for Golden Cable's work and, except for a withheld reserve fund, B.E. & K. Communications would pay Golden Cable for the work performed. While the agreement contained a 90 day termination clause, the agreement did not guarantee Teague any minimum number of projects.
 
 
 3
 Golden Cable's performance quickly proved to be unsatisfactory, and B.E. & K. Communications fired Golden Cable in August 1984.
 
 
 4
 In March 1986 Teague and Lowery filed suit against B.E. & K. Communications, and others, seeking $10,000,000 in compensatory damages for "lost profits or revenues" and an additional $lo,000,000 in punitive damages. Teague and Lowery also claimed unspecified amounts as unpaid amounts of bills submitted to B.E. & K. Communications for work Golden Cable had completed.
 
 
 5
 Prior to trial the district court dismissed all of the defendants who were not parties to the subcontracting agreement; B.E. & K. remained as the sole defendant. At trial, after the close of evidence, the district judge granted a directed verdict to B.E. & K. on all claims except Teague and Lowery's claim that Golden Cable had performed $11,673.05 of work for which it had not been paid. The district court concluded that Golden Cable was guaranteed no work during the 90 day termination period and also could collect no damages for "lost profits or revenues" beyond the 90 day period. The jury returned a verdict of $3031.34 for Teague and Lowery on the remaining issue. Teague and Lowery appeal.
 
 
 6
 Teague and Lowery have failed to raise even a colorable issue on appeal. The jury verdict in their favor is not " 'untoward, inordinate, unreasonable[,] or outrageous." ' Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 201 (4th Cir. 1982) (quoting Grunenthal v. Long Island Railroad Co., 393 U.S. 156, 160 (1968)), cert. denied, 460 U.S. 1102 (1983). We therefore affirm it. Teague and Lowery's challenge to the entry of the partial directed verdict is likewise without merit. After reviewing the evidence de novo, and in the light most favorable to the non-moving party, Gairola v. Virginia Department of General Services, 753 F.2d 1281, 1285 (4th cir. 1985), we find no reasonable inference that could have supported Teague and Lowery's theory that they were entitled to any expectancy damages. Teague and Lowery's other objections to the district court's rulings are likewise without merit.
 
 
 7
 We dispense with oral argument because this appeal is frivolous.
 
 
 8
 AFFIRMED.